SOON JA CHOI, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 28308
Intermediate Court of Appeals of Hawaii.
July 30, 2008.
On the briefs: Dwight C.H. Lum 72, for Petitioner-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and NAKAMURA, JJ.
Petitioner-Appellant Soon Ja Choi (Choi) appeals the Findings of Fact, Conclusions of Law and Order Denying Rule 40 Petition (FOF/COL/Order) filed on November 9, 2006 in the District Court of the First Circuit, Honolulu Division (district court), the Honorable Russel S. Nagata (Judge Nagata) presiding.
On July 20, 2000, the district court convicted Choi of Prostitution, in violation of Hawaii Revised Statutes (HRS) § 712-1200 (1993 & Supp. 2001), and entered its judgment. Chun filed an appeal, and on April 24, 2002, this court affirmed the judgment. On March 9, 2006, pursuant to Hawaii Rules of Penal Procedure (HRPP) Rule 40, Choi filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition), which the district court denied.
On appeal, Choi contends:
(1) The district court's entire FOF/COL/Order was "error."
(2) She was denied effective assistance of trial counsel, and, therefore, the district court's Findings of Fact (FOFs) 5, 6, 7, 8, 9, 10, 11, and 12 were erroneous and portions of its Conclusions of Law (COLS) were wrong.
(2) The district court abused its discretion when it orally denied Choi's April 10, 2006 Motion to Recuse or Disqualify Judge (Motion to Recuse) because Judge Nagata had a personal bias against Choi.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Choi's points of error as follows:
(1) Although Choi designates as "error" the entire FOF/COL/Order, her argument addresses only FOFs 5, 6, 7, 8, 9, 10, 11, and 12 and designated portions of the COLs. Therefore, Choi waives all other FOFs and COLs in the FOF/COL/Order. Hawaii Rules of Appellate Procedure Rule (HRAP) 28(b)(7).
(2) Judge Nagata's comments during Choi's sentencing did not demonstrate judicial bias. State v. Ross, 89 Hawai`i 371, 378, 974 P.2d 11, 18 (1999).
(3) Choi's claim that she was denied effective assistance of trial counsel is without merit. Choi argues that her trial counsel was ineffective because he (a) failed "to conduct pretrial investigation and call witnesses who would have bolstered [Choi's] credibility," (b) failed to introduce photographs of Choi's breasts to attack the undercover officer's memory of the incident, and (c) violated his legal responsibility because Jarvis (Choi's sister) paid for Choi's defense and he did not call Jarvis as a witness for fear that Jarvis would incriminate herself.
(a) At the hearing on the Rule 40 Petition, the testimony of Choi's trial counsel conflicted with the testimony of the two witnesses who Choi contends should have been called at trial. Choi's claim of ineffectiveness of counsel turned on the credibility of the witnesses at that hearing. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaii 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted). The circuit court's FOFs 10 and 11 are not erroneous and the portion of the COLS addressing this issue is not wrong.
The circuit court's FOF 12 is erroneous because it misstates Choi's counsel's testimony, but the error is harmless. HRPP Rule 52(a).
(b) During cross-examination of the undercover police officer at trial, Choi's trial counsel attacked the officer's recollection of the offense numerous times. Trial counsel's decision not to introduce photographs to attack the officer's description of Choi's breasts did not substantially impair Choi's defense. State v. Aplaca, 74 Haw. 54, 66-67, 837 P.2d 1298, 1305 (1992). The circuit court's FOFs 5, 6, 7, and 8 were not erroneous and the portion of the COLs addressing this issue was not wrong.
(c) Choi's argument that her trial counsel was ineffective by failing to call Jarvis to testify because Jarvis paid for Choi's legal defense and/or because Jarvis would incriminate herself if she testified is without merit. The circuit court's FOF 9 was not erroneous and the portion of the COLs addressing this issue was not wrong.
The district court did not err in holding that Choi's trial counsel's assistance, viewed as a whole, was within the range of competence demanded of attorneys in criminal cases and was not ineffective. Dan v. State, 76 Hawaii 423, 427, 879 P.2d 528, 532 (1994).
Therefore,
The Findings of Fact, Conclusions of Law and Order Denying Rule 40 Petition filed on November 9, 2006 in the District Court of the First Circuit, Honolulu Division, is affirmed.